Filing # 146250409 E-Filed 03/23/2022 11:16:36 AM

IN THE COUNTY COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA
SMALL CLAIMS DIVISION

| | |
|---|---|
| KARINA OSTIGUY, <br><br> PLAINTIFF, <br><br> v. <br><br> I.C. SYSTEM, INC, <br><br> DEFENDANT. | Index No.: <br><br><br> JURY DEMAND |

## COMPLAINT

Plaintiff Karina Ostiguy ("Plaintiff" or "Ms. Ostiguy"), by and through the undersigned counsel, complains, states, and alleges for damages under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the Florida Consumer Collections Practices Act, Fla Statute 559.55, *et seq.* ("FCCPA") against Defendant I.C. System, Inc., as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the FDCPA and the FCCPA.

2. The FDCPA was enacted to protect citizens from such abuses by debt collectors, like the ones described in this Complaint, and to protect citizens like Plaintiff. "There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

3. The FDCPA protects consumers from abusive debt collection practices by regulating the conduct of debt collectors. *See Crawford v. LVNV Funding LLC*, 758 F.3d 1254, 1257 (11th Cir. 2014) (noting that "Congress passed the FDCPA in 1977 to stop the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" (internal quotation marks

omitted)). To enforce its provisions, the FDCPA provides consumers with a private right of action against debt collectors who violate the Act. *See id.* at 1258.

4. The 11th Circuit applies the "least-sophisticated consumer" standard. *See LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193, 1201 (11th Cir. 2010) (explaining that the least-sophisticated consumer standard applies to determine whether a debt collector has violated §§ 1692e or 1692f of the FDCPA).

5. Under the foregoing standard, a debt collector violates § 1692e by making a representation in a letter that would be deceptive or misleading to the "least sophisticated" recipient of the letter. *See id.* at 1193–95.

6. Likewise, a collection practice violates § 1692f if it would be unfair or unconscionable as applied to the "least sophisticated" debtor subjected to the practice. *See id.* at 1201.

7. The least-sophisticated consumer standard is intended to protect "all consumers, the gullible as well as the shrewd." *Id.* at 1194 (internal quotation marks omitted).

8. After Congress passed the FDCPA, the Florida State legislature decided it wanted to go even further to protect its citizens from the rampant abuses perpetrated by debt collectors and creditors. To this end, the Florida State legislature passed the FCCPA. The FCCPA is designed to protect consumers from harassment like the type described herein, and to protect consumers like the Plaintiff. "In the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer or debtor shall prevail." *Id.* at § 559.552.

## JURISDICTION AND VENUE

9. This is an action for damages within the jurisdiction of this Court.

10. This Court has jurisdiction over the Plaintiff's claim pursuant to Section 86.011, Florida Statutes.

11. Venue is also proper in Okaloosa County, Florida pursuant to FL Stat. § 559.77(1) as a substantial part of the events or omissions giving rise to the claims occurred in this County and Plaintiff has residence in this County.

12. This Court has jurisdiction over defendant I.C. System, Inc. because it regularly transacts business within this County, derives substantial revenue from services rendered in this County, has committed tortious acts within this County, and have caused injury to persons within this County as described herein.

## PARTIES

13. Plaintiff Karina Ostiguy is an individual who is a citizen of the State of Florida with residence in Okaloosa County, Florida.

14. Plaintiff is a natural person allegedly obligated to pay a debt.

15. Plaintiff is a "consumer" as defined by the FDCPA and FCCPA.

16. Plaintiff is an active member of the United States Air Force.

17. Plaintiff is stationed in the U.K.

18. Defendant I.C. System, Inc. ("Defendant") is a corporation existing under the laws of the State of Minnesota, with its principal place of business at 444 Hwy 96 E, St. Paul, MN 55164.

19. Defendant has transacts business within this state as is more fully set forth hereinafter in this Complaint.

20. Defendant regularly collects or attempts to collect debts asserted to be owed to others.

21. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

22. The principal purpose of Defendant's businesses is the collection of such debts.

23. Defendant uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

24. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and FCCPA.

25. The acts of Defendant as described in this Complaint were performed by Defendant or on Defendant's behalf by its owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to "Defendant" in this Complaint shall means Defendant or its owners, officers, agents, and/or employees.

## FACTUAL ALLEGATIONS

26. Defendant alleges that Plaintiff owes a debt (the "alleged debt").

27. All of Defendant's collection actions at issue occurred within one year of the date of this Complaint.

28. Defendant alleged the alleged debt arose from a debt originally owed to Cox Communications, account number ending in 5303, in the amount of $130.84.

29. Plaintiff did not owe $130.84 to Cox Communications.

30. Plaintiff did not owe the alleged debt to Cox Communications.

31. Upon information and belief, Defendant did not possess any competent proof that Plaintiff owed the alleged debt at the time Defendant attempted to collect the alleged debt from Plaintiff.

32. Upon information and belief, Defendant did not possess any competent proof that the alleged debt was accurate at the time Defendant attempted to collect the alleged debt from Plaintiff.

33. In fact, prior to her deployment abroad, in or around September 2019, Plaintiff paid the outstanding balance to Cox Communications.

34. In fact, prior to her deployment abroad, in or around September 2019, Plaintiff returned all equipment to Cox Communications at their Fort Walton Beach, Florida location.

35. The alleged debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

36. The alleged debt does not arise from any business enterprise of Plaintiff.

37. At an exact time known only to Defendant, the alleged debt was assigned or otherwise transferred to Defendant for collection.

38. At the time the alleged debt was assigned or otherwise transferred to Defendant for collection, the alleged debt was in default.

39. In its efforts to collect the alleged debt, Defendant decided to contact Plaintiff by written correspondence.

40. Rather than preparing and mailing such written correspondence to Plaintiff on its own, Defendant decided to utilize a third-party vendor to perform such activities on its behalf.

41. As part of its utilization of the third-party vendor, Defendant conveyed information regarding the alleged debt to the third-party vendor.

42. The information conveyed by Defendant to the third-party vendor included Plaintiff's status as a debtor, the precise amount of the alleged debt, the entity to which Plaintiff allegedly owed the debt, and the fact that the alleged debt concerned a defaulted debt of Plaintiff.

43. The information was seen by employees of the third-party vendor.

44. Defendant also conveyed it was a debt collector and was attempting to collect a debt from Plaintiff.

45. Defendant's conveyance of the information regarding the alleged debt to the third party vendor is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

46. The third-party vendor then populated some or all this information into a prewritten template, printed, and mailed the letter to Plaintiff at Defendant's direction.

47. That letter was received and read by Plaintiff (the "Letter").

48. The letter was the initial written communication Plaintiff received from Defendant concerning the alleged debt.

49. Under § 1692g(a) of the FDCPA, within five days of an initial communication with a consumer, a debt collector must provide a written notice, known as a "Validation Notice," that contains relevant information about the alleged debt and how to dispute it.

50. Pursuant to the FDCPA § 1692g(a), the debt collector must:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
>  (1) the amount of the debt;
>
>  (2) the name of the creditor to whom the debt is owed;

  (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

  (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

  (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

51. Pursuant to Regulation F of 12 CFR § 1006.34(b)(3)(iv) "Validation period means the period starting on the date that a debt collector provides the validation information required by paragraph (c) of this section and ending 30 days after the consumer receives or is assumed to receive the validation information. For purposes of determining the end of the validation period, the debt collector may assume that a consumer receives the validation information on any date that is at least five days (excluding legal public holidays identified in 5 U.S.C. 6103(a), Saturdays, and Sundays) after the debt collector provides it."

52. The Letter states, in the relevant part, **"Call or write to us by February 9, 2022, to dispute all or part of the debt**. If you do not, we will assume that our information is correct."

53. The Letter provided Plaintiff a deadline of February 9, 2022 to dispute the alleged debt, request validation, and/or request the name and address of the original creditor.

54. Upon information and belief, the Letter was not mailed on January 3, 2022.

55. Upon information and belief, the Letter was not mailed until sometime after January 3, 2022.

56. Upon information and belief, the deadline for Plaintiff to dispute the alleged debt and/or request validation is not February 9, 2022.

57. Upon information and belief, the deadline for Plaintiff to dispute the alleged debt and/or request validation is a later date.

58. Defendant knew Plaintiff was an active servicemember.

59. Defendant knew Plaintiff was stationed abroad.

60. Defendant knew based upon the address of the Plaintiff that she was stationed abroad.

61. Defendant knew at the time of sending the Letter that such was being sent to Plaintiff overseas.

62. Defendant knew at the time of sending the Letter that such would not reach Plaintiff for a considerable period of time.

63. In fact, the stamp on the Letter envelope from the Military Postal Service is February 3, 2022.

64. Plaintiff did not receive the Letter until February 23, 2022, 14 days after the deadline indicated in the Letter to dispute the alleged debt.

65. The Letter provides a dispute and validation deadline that is contrary to the Validation Notice of the FDCPA.

66. Pursuant to the 15 U.S.C. § 1692g(b), in the relevant part, "…Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

67. By providing a validation deadline date of February 9, 2022, Defendant overshadowed Plaintiff's rights.

68. By providing a validation deadline date of February 9, 2022, Defendant does not provide Plaintiff the full 30 days.

69. By providing a validation deadline date of February 9, 2022, Defendant shortened the requisite validation period.

70. The back of the Letter states, in the relevant part, "This does not contain a complete list of the rights consumers have under Federal, State, or Local laws."

71. Underneath the foregoing, aside from Defendant's address, the Letter is blank.

72. Defendant's statement and failure to provide Plaintiff with "rights consumers have under Federal, State, or Local laws" confused Plaintiff as to her rights under the law.

73. Defendant's statement and failure to provide Plaintiff with "rights consumers have under Federal, State, or Local laws" caused Plaintiff to believe she didn't have any rights under Federal, State, or Local laws.

74. Defendant's statement and failure to provide Plaintiff with "rights consumers have under Federal, State, or Local laws" was false, misleading, and/or deceptive.

75. Defendant's conduct as described in this Complaint was willful, with the purpose to either harm Plaintiff or with reckless disregard for the harm to Plaintiff that could result from Defendant's conduct.

76. Plaintiff justifiably fears that, absent this Court's intervention, as a result of Defendant's conduct Plaintiff could be at risk of losing her security clearance or subjected to other disciplinary action.

77. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to use abusive, deceptive, unfair, and unlawful means in its attempts to collect the alleged debt and other alleged debts.

78. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will ultimately cause Plaintiff unwarranted economic harm.

79. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will ultimately cause Plaintiff unwarranted harm to Plaintiff's credit rating.

80. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will ultimately cause Plaintiff to be sued.

81. A favorable decision herein would serve to deter Defendant from further similar conduct.

## FIRST COUNT
### Violation of §§ 1692c(b) & 1692f of the FDCPA

82. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

83. 15 U.S.C. § 1692c(b) provides that, subject to several exceptions not applicable here, "a debt collector may not communicate, in connection with the collection of any debt," with anyone other than the consumer "without the prior consent of the consumer given directly to the debt collector."

84. The third-party vendor does not fall within any of the exceptions provided for in 15 U.S.C. § 1692c(b).

85. Plaintiff never consented to Defendant's communication with the third-party vendor concerning the alleged debt.

86. Plaintiff never consented to Defendant's communication with the third-party vendor concerning Plaintiff's personal and/or confidential information.

87. Plaintiff never consented to Defendant's communication with anyone concerning the alleged debt or concerning Plaintiff's personal and/or confidential information.

88. Upon information and belief, Defendant has utilized a third-party vendor for these purposes thousands of times.

89. Defendant utilizes a third-party vendor in this regard for the sole purpose of maximizing its profits.

90. Defendant utilizes a third-party vendor without regard to the propriety and privacy of the information which it discloses to such third-party.

91. Defendant utilizes a third-party vendor with reckless disregard for the harm to Plaintiff and other consumers that could result from Defendant's unauthorized disclosure of such private and sensitive information.

92. Defendant violated 15 U.S.C. § 1692c(b) when it disclosed information about Plaintiff's alleged debt to the third-party vendor.

93. Section 1692f of the FDCPA provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt", and underscores "the general application of" such prohibition.

94. The unauthorized disclosure of a consumer's private and sensitive information is both unfair and unconscionable.

95. Defendant disclosed Plaintiff's private and sensitive information to the third-party vendors.

96. Defendant violated 15 U.S.C. § 1692f when they disclosed information about Plaintiff's alleged debt to the third-party vendor.

97. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692c(b) and 1692f and is therefore liable to Plaintiff.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

    a. Awarding statutory damages as provided by 15 U.S.C. § 1692k(a)(2)(A);

    b. Awarding actual damages;

    c. Awarding costs and attorneys' fees; and

    d. Any other and further relief as this Court deems just and equitable.

## SECOND COUNT
### Violation of 15 U.S.C. §§ 1692g(a) and 1692g(b)

98. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

99. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

100. As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide a statement of the amount of the debt.

101. To comply with 15 U.S.C. § 1692g(a)(1), the statement of the amount of the debt must accurately set forth the actual amount of the debt.

102. A statement of the amount of the debt, when the debt is not owed at all by the consumer, violates 15 U.S.C. § 1692g(a)(1).

103. As set forth above, Plaintiff did not owe $130.84.

104. As such, Defendant did not accurately set forth the actual amount of the alleged debt as required by 15 U.S.C. § 1692g(a)(1).

105. In sum, Defendant's statement of the amount of the alleged debt, when Plaintiff did not owe that amount, violates 15 U.S.C. § 1692g(a)(1).

106. As also relevant here, 15 U.S.C. § 1692g(a)(2) requires the written notice provide a statement of the name of the creditor to whom the debt is owed.

107. To comply with 15 U.S.C. § 1692g(a)(2), the statement of the name of the creditor to whom the debt is owed must accurately set forth the name of the entity that actually owns the debt.

108. A statement of the name of the creditor to whom the debt is owed, when the consumer does not owe money to the stated entity, violates 15 U.S.C. § 1692g(a)(2).

109. As set forth above, Plaintiff did not owe money to Cox Communications.

110. As such, Defendant did not accurately set forth the name of the entity that actually owns the debt as required by 15 U.S.C. § 1692g(a)(2).

111. In sum, Defendant's statement that Cox Communications was the name of the creditor to whom the alleged debt was owed, when Plaintiff did not owe any money to Cox Communications, violates 15 U.S.C. § 1692g(a)(2).

112. 15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

113. Pursuant to the 15 U.S.C. § 1692g(b), in the relevant part, "…Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

114. The Letter provides a dispute and validation deadline that is contrary to the Validation Notice of the FDCPA.

115. The Letter states, in the relevant part, "**Call or write to us by February 9, 2022, to dispute all or part of the debt**. If you do not, we will assume that our information is correct."

116. Upon information and belief, the Letter was mailed after January 3, 2022.

117. Defendant knew when sending the Letter, such was being delivered to an active servicemember stationed abroad.

118. Defendant knew when sending the Letter, the delivery time of such Letter would be extended significantly.

119. Defendant knew Plaintiff was an active servicemember.

120. Defendant knew Plaintiff was stationed abroad.

121. Defendant knew based upon the address of the Plaintiff that she was stationed abroad.

122. Defendant knew at the time of sending the Letter such was being sent to Plaintiff overseas.

123. Defendant knew at the time of sending the Letter such would not reach Plaintiff for a considerable period of time.

124. In fact, the stamp on the Letter envelope from the Military Postal Service is February 3, 2022.

125. Plaintiff did not receive the Letter until February 23, 2022, 14 days after the deadline indicated in the Letter to dispute the alleged debt.

126. As such, Defendant did not accurately set forth the deadline for Plaintiff to dispute the alleged debt as required by 15 U.S.C. § 1692g(a)(3).

127. Pursuant to Regulation F of 12 CFR § 1006.34(b)(3)(iv) "Validation period means the period starting on the date that a debt collector provides the validation information required by

paragraph (c) of this section and ending 30 days after the consumer receives or is assumed to receive the validation information. For purposes of determining the end of the validation period, the debt collector may assume that a consumer receives the validation information on any date that is at least five days (excluding legal public holidays identified in 5 U.S.C. 6103(a), Saturdays, and Sundays) after the debt collector provides it."

128.  By providing a concrete deadline, not taking into consideration the FDCPA validation period, as well as 12 CFR § 1006.34(b)(3)(iv), Defendant has shortened the requisite validation period and overshadowed Plaintiff's rights.

129.  For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692g, 1692g(a)(1) and 1692g(a)(2), 1692g(a)(3), and 1692g(b), thus liable to Plaintiff therefor.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

    a. Awarding statutory damages as provided by 15 U.S.C. § 1692k(a)(2)(A);

    b. Awarding actual damages;

    c. Awarding costs and attorneys' fees; and

    d. Any other and further relief as this Court deems just and equitable.

### THIRD COUNT
### Violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10)

130.  Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

131.  15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

132.  15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

133. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

134. An allegation by a debt collector that a consumer owes a debt to a certain entity when the consumer does not owe a debt to that entity is a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

135. An allegation by a debt collector that a consumer owes a certain amount of money when the consumer does not that amount is a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

136. As set forth above, Plaintiff did not owe $130.84.

137. As set forth above, Plaintiff did not owe money to Cox Communications.

138. As such, Defendant's allegation that Plaintiff owed $130.84 is a false, deceptive, and/or misleading representation made in connection with the collection of the alleged debt in violation of 15 U.S.C. § 1692e.

139. Defendant's allegation that Plaintiff owed money to Cox Communications is a false, deceptive, and/or misleading representation made in connection with the collection of the alleged debt in violation of 15 U.S.C. § 1692e.

140. Defendant's allegation that Plaintiff owed $130.84 is a false representation of the character, amount, and/or legal status of the alleged debt in violation of 15 U.S.C. § 1692e(2)(A).

141. Defendant's allegation that Plaintiff owed money to Cox Communications is a false representation of the character, amount, and/or legal status of the alleged debt in violation of 15 U.S.C. § 1692e(2)(A).

142. Defendant's allegation that Plaintiff owed $130.84 is a false representation made in an attempt to collect the alleged debt in violation of 15 U.S.C. § 1692e(10).

143. Defendant's allegation that Plaintiff owed money to Cox Communications is a false representation made in an attempt to collect the alleged debt in violation of 15 U.S.C. § 1692e(10).

144. Defendant's statement on the back of the Letter and failure to provide Plaintiff with "rights consumers have under Federal, State, or Local laws" confused Plaintiff as to her rights under the law in violation of §§ 1692e and 1692e(10).

145. Defendant's statement on the back of the Letter and failure to provide Plaintiff with "rights consumers have under Federal, State, or Local laws" caused Plaintiff to believe she didn't have any rights under Federal, State, or Local laws in violation of §§ 1692e and 1692e(10).

146. Defendant's statement on the back of the Letter and failure to provide Plaintiff with "rights consumers have under Federal, State, or Local laws" was false, misleading, and/or deceptive in violation of §§ 1692e and 1692e(10).

147. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10), thus liable to Plaintiff therefor.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

    a. Awarding statutory damages as provided by 15 U.S.C. § 1692k(a)(2)(A);

    b. Awarding actual damages;

    c. Awarding costs and attorneys' fees; and

    d. Any other and further relief as this Court deems just and equitable.

### FOURTH COUNT
### Violation of § 559.72(9) of the FCCPA

148. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

149. Section 559.72(9) of the FCCPA provides that a debt collector shall not: "*Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.*"

150. Plaintiff did not owe $130.84.

151. Plaintiff did not owe any money to Cox Communications.

152. Defendant violated §559.72(9) of the FCCPA.

153. Defendant's violation of §559.72(9) of the FCCPA renders it liable to Plaintiff for actual and statutory damages, costs, and reasonable attorneys' fees.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

    a. Awarding statutory damages as provided by Fla. Stat. § 559.77;

    b. Awarding actual damages;

    c. Awarding costs and attorneys' fees;

    d. Any other and further relief as this Court deems just and equitable.

## JURY DEMAND

154. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment be entered:

    a. Finding Defendant, I.C. System, Inc.'s actions violate the FDCPA; and
    b. Damages pursuant to 15 U.S.C. § 1692k; and
    c. The costs of this action and attorneys' fees pursuant to 15 U.S.C. § 1692k; and
    d. Finding Defendant, I.C. System, Inc.'s actions violate the FCCPA; and
    e. Damages pursuant to § 559.77(2) of the FCCPA; and
    f. The costs of this action and attorneys' fees pursuant to Florida Stat. § 559.77(2); and
    g. Punitive damages pursuant to the FCCPA;

h. Awarding pre-judgment interest and post-judgment interest to Plaintiff; all together with

i. Such other and further relief that the Court determines is just and proper.

Dated: March 18, 2022

Respectfully Submitted,

/s/: *Jason Tenenbaum*
Jason Tenenbaum, Esq.
Tenenbaum Law Group, PLLC
1600 Ponce De Leon Blvd.
10th Floor
Coral Gables, FL 33134
PH: (305) 402-9529
FAX: (786) 292-1948
*Attorneys for Plaintiff*